UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-923-B |
| | § | |
| ROSENDO SANTANA & OCC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Wells Fargo Bank N.A.'s Motion for Summary Judgment (doc. 3), filed June 16, 2010. Because the Court finds that it lacks subject matter jurisdiction over the parties' dispute, the Court foregoes consideration of the Motion and **REMANDS** this case back to the Dallas County Civil Court at Law Number Two.

### I.

### BACKGROUND

This is a forcible detainer action brought by Wells Fargo Bank, N.A. ("Wells Fargo") against Rosendo Santana and others, seeking to evict the defendants from a property located at 2408 Roger Williams Dr. in Irving, Texas. Defendant Santana purportedly defaulted on a Deed of Trust on the property, and Wells Fargo foreclosed on the Deed of Trust on February 2, 2010. (Pl.'s Mot. Summ. J. 2). Wells Fargo then commenced eviction proceedings, filing an Original Petition for Forcible Detainer in the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas against Defendant Santana and all other occupants of the home. (*See id.*). The Justice of the Peace entered

a judgment of possession in favor of Wells Fargo. (*Id.*). Santana then appealed to Dallas County Civil Court at law Number Two. (*Id.* at 2-3). Immediately prior to trial, Santana removed the eviction proceeding to this Court. (*Id.* at 3). Santana bases removal on this Court's diversity jurisdiction. (Notice of Removal 1).

## II.

## LEGAL STANDARDS

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-1332. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Furthermore, a case may be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)

The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). If at any point during the course of litigation "it appears that the [federal] district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal district court therefore has a right and a duty to raise jurisdictional issues *sua sponte*. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 n.5 (5th Cir. 2005). A forcible detainer action may be removed to federal court, even when a justice of the peace court has entered judgement, a party has appealed that judgment, and the *de novo* trial remains pending before a county court at law. *Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 887-888 (S.D. Tex. 1982); *see*

*also Deutsche Bank Nat'l Trust Co. v. Sawyer*, No. 3:10-CV-1562-O, 2010 WL 4511021, at *2 (N.D. Tex. Oct. 12, 2010).

## III.

## ANALYSIS

Santana's removal of this case is fundamentally flawed in two respects. First, while Santana has failed to adequately demonstrate the citizenship of either party (itself a basis for remand to state court), it appears that he is a citizen of Texas, as the property as issue in this case is his residence. Because Santana is the removing party, he has the burden of demonstrating that he is not a Texas citizen, a burden he has failed to meet. *See De Aguilar*, 47 F.3d at 1408. This Court therefore lacks removal jurisdiction and thus must remand the case to state court. *See* 28 U.S.C. § 1441(b).

Second, Santana also fails to properly demonstrate how the amount-in-controversy prong of diversity jurisdiction is met. The amount in controversy in a dispute is determined at the time of removal. *Gebbia v. Wal-mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls. *De Aguilar,* 47 F.3d at 1410. Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *De Aguilar*, 47 F.3d at 1412.

In Santana's Notice of Removal, he alleges that the amount in controversy exceeds the federal minimum jurisdiction requirements because the fair market value of the property is $112,560.

However, courts have consistently held that the amount in controversy in forcible detainer cases is not the value of the property itself, rather the value of the right to possess the property. *See, e.g., Federal Nat'l Mortg. Assoc. v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *5 (N.D. Tex. Nov. 16, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038-L, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010); *Wells Fargo Bank v. Jones*, No. 3:10-CV-758-L, 2010 WL 3304240, at *2 (N.D. Tex. Aug. 19, 2010); *JPMorgan Chase Bank, N.A. v. Coleman*, No. G-06-688, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007). Here, Santana fails to provide sufficient information upon which this Court may determine the value of the right to possess the Roger Williams Dr. Property. Thus, this case should be remanded on either basis.

## IV.

## CONCLUSION

Because this case could be remanded either because Santana is a citizen of Texas or because he has failed to sufficiently demonstrate that the amount in controversy requirement has been met for diversity jurisdiction purposes, this case is hereby **REMANDED** to the court from which it was removed, the Dallas County Civil Court at Law Number Two.

SO ORDERED.

DATED December 20, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE